# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| JOHN O. COPELTON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CORRECTIONAL CORPORATION OF AMERICA, et. al.,<br><br>　　　　　　Defendants. | Cause No.  CV 09-00019-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND ORDER PERMITTING PLAINTIFF TO SUPPLEMENT COMPLAINT<br><br>**(Defendants please see D.Mont. L.R. 12.2)** |

Plaintiff John O. Copelton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges Defendants violated his Eighth Amendment right to adequate medical care by not providing his prescribed diabetic diet.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Before considering Plaintiff's motion for injunctive relief (Document 9), the Court will screen Plaintiff's Complaint to determine if it states a claim upon which relief may be granted.

## I.  STATEMENT OF CASE

### A.  Parties

Plaintiff is a state prisoner incarcerated at Crossroads Correctional Center in Shelby, Montana.

The named Defendants are:  Ms. Carol Bowen, Acting Food Service Administrator at Crossroads; Ms. Piper Heinrich with Canteen Correctional Services; Warden Law; and Correctional Corporation of America, parent company of Canteen Correctional Services at Crossroads Correctional Center.

### B.  Allegations

Plaintiff alleges the Food Service Adminstrators at Crossroads Correctional Center, Ms. Bowen and Ms. Heinrich before her, substituted high sugar food items for diabetic food items dictated by the menu written by the company dietitian, prescribed by doctors, and approved by their supervisors.  By so doing, Plaintiff contends Defendants violated his Eighth Amendment right to medical care, the Eighth Amendment prohibition against cruel and unusual punishment, the Fourteenth Amendment due process clause, the Fourteenth Amendment equal protection clause, and the Americans with Disabilities Act.

Plaintiff alleges that as a result of Defendants' acts his diabetes progressed to the point that he is now using more than 125 IU of insulin a day and 2000 mg of

Metformin, an oral medication.  Plaintiff's eye sight has deteriorated causing

constant headaches and a need for stronger glasses.  His blood pressure has been at

dangerous levels such that doctors have to monitor it daily and have had to increase

his medications to control it.  The numbness in his feet and legs caused by

Nephropathy from nerve damage has made walking frightening and forced Plaintiff

to buy expensive footwear to avoid getting ulcers which could lead to amputations.

He has been hospitalized twice because of diabetes related complications that left

him with severe scarring and at extremely high risk of infections.  The forced

intake of the high sugar results in severe high glucose levels in his blood and

extreme swings of insulin to help control it.  This in turn causes daily tremors and

sweats, the shakes, and cravings.

## II.  PRESCREENING

### A.  Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is

subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section

1915A reads in pertinent part:

> The court shall review  . . .  as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner seeks redress from a
> governmental entity or officer or employee of a governmental entity
> [and][o]n review, the court shall identify cognizable claims or dismiss
> the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be

granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167

L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)*)).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at 1949 (internal quotation marks and citation omitted).

The Court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950.  Legal conclusions must be supported by factual allegations.  *Iqbal, 129 S.Ct. at 1950.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.

_1987)_ (citing _Broughton v. Cutter Labs._, 622 F.2d 458, 460 (9th Cir. 1980)_)_.

## B. Analysis

### 1. Denial of Medical Care

Although Plaintiff mentions the Fourteenth Amendment and the Equal

Protection clause, his allegations pertain to an interference with medical care,

which, since Plaintiff is a convicted inmate, arise under the Eighth Amendment of

the United States Constitution.[1]  The Eighth Amendment, which applies to the

states through the Due Process Clause of the Fourteenth Amendment, prohibits the

infliction of "cruel and unusual punishments" on those convicted of crimes. _Wilson_

_v. Seiter_, 501 U.S. 294, 296-97, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  A prison

official violates the Eighth Amendment when two requirements are met: (1) the

alleged deprivation is objectively, sufficiently serious; and (2) the prison official

possesses a sufficiently culpable state of mind.  _Farmer v. Brennan_, 511 U.S. 825,

834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Where a prisoner's Eighth Amendment claim arises in the context of

medical care, the prisoner must allege and prove "acts or omissions sufficiently

---

[1]In order to state a claim under the Equal Protection clause of the United States Constitution, a plaintiff must allege he was treated differently from similarly situated inmates.  As Plaintiff's claim is that all diabetic inmates were not given a proper diet, there is no equal protection claim.  _City of Cleburne v. Cleburne Living Ctr._, 473 U.S. 432, 439, 105 S.Ct 3249, 87 L.Ed.2d 313 (1985); _Turner v. Safley_, 482 U.S. 78, 84, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference under the Eighth Amendment involves the consideration of two elements:  "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003).  That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care.  Thus, there is both an objective and a subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995)).

### a.  Serious Medical Need

The objective component requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104).  As examples of serious medical needs the Ninth Circuit has listed the following:

The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain[.]

*McGuckin*, 974 F.2d at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990) (citing cases) and *Hunt v. Dental Dept.*, 865 F.2d 198, 200-01 (9th Cir. 1989)).

For prescreening purposes, the Court finds Plaintiff has sufficiently alleged that, as a diabetic, he has an "objectively serious medical need."  *See Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003)(diabetes constitutes a serious medical need).

b.  Deliberate Indifference

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official.'"  *Frost*,

152 F.3d at 1128 (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-303 (1991)).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  State prison officials have "wide discretion regarding the nature and extent of medical treatment."  *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs."  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment."  *See Hamilton v. Endell*, 981 F.2d 1062, 1066-67 (9th Cir. 1992) (prison officials' decision to force inmate to fly in contravention of treating physician's specific orders could constitute deliberate indifference to inmate's medical needs), overruled in part on other grounds by, *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)(quoting *Hunt v. Dental Dept.*, 865 F.2d 198, 201 (9th Cir. 1989); *see also Lopez*, 203 F.3d at 1131-32 (citing *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)), for the principle that a prisoner "can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment").  Similarly, "a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating

physician or surgeon."  *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999); *see also Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam).

Plaintiff alleges he was and is being given what was purported to be diabetic meals, but the meals are not suitable for diabetics and are actually dangerous to his diabetic condition.  As a result, he contends his diabetes has progressed, his eye sight has deteriorated, his blood pressure is at dangerous levels, he has been hospitalized twice, and he suffers from numbness, tremors, sweats, shakes, and cravings.

Liberally construed, Plaintiff adequately alleges Defendants were deliberately indifferent to his serious medical needs.  *See Dye v. Sheahan*, No. 93 C 6645, 1995 WL 109318, at *2-3 (N.D. Ill. March 10, 1995) (denying motion to dismiss where diabetic plaintiff alleged prison diet caused damage to his eyes, kidneys, liver and cardiovascular system, and pushed his blood sugar level above 200 points); *Bryant v. Roth*, No. 93 C 5552, 1995 WL 76879, at *3 (N.D. Ill. Feb. 17, 1995) (denying motion to dismiss where diabetic prisoner alleged blood sugar level of sixty-two, and claimed diet caused headaches, convulsions, pain, and risk of coma); *Keller v. Williams*, 2009 WL 1689302 (S.D. Fla. 2009) (plaintiff's allegations that defendants refused to honor special diet pass for nightly diabetic snack sufficient to met the *Twombly* or any "heightened pleading" standard);

*Johnson v. Harris*, 479 F. Supp. 333 (S.D.N.Y. 1979)(denying a diabetic prisoner a special diet may violate the Eighth Amendment because certain foods are extremely dangerous to diabetics' health); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994)(diabetics are prone to coronary artery disease and dangerous weight loss and hence have legitimate concern for their diets); *Taylor v. Anderson*, 868 F.Supp. 1024, 1026 (N.D.Ill. 1994) (diabetic inmate's allegations that prison failed to provide him with required diet withstood motion to dismiss even though plaintiff did not allege that his diabetes was severe).

    2. <u>Americans with Disabilities Act</u>

    Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 1955, 141 L.Ed.2d 215 (1998); *see also* *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052.

The ADA defines "public entity" in relevant part as "any State or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A)-(B) . . . .[2]  The term "public entity" does not include individuals.  *Hardwick v. Curtis Trailers, Inc.*, 896 F.Supp. 1037, 1038-39 (D.Or. 1995)(Individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583 (9th Cir. 1993); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); 42 U.S.C. § 12131(1); *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002)("a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA . . . ").  Accordingly, Plaintiff's ADA claim for relief against the

---

[2]There is nonbinding authority that a private prison may not fall under the definition of a "public entity."  *See Cox v. Jackson*, 579 F.Supp.2d 831 (E.D. Mich. 2008).  But because there is no clear Ninth Circuit law on this issue and because it is not necessary to the analysis herein, the Court will assume without deciding that Crossroads qualifies as an "instrumentality of the State" for purposes of the ADA.

individual Defendants is not cognizable.

Moreover, the treatment, or lack of treatment, concerning Plaintiff's medical condition does not provide a basis upon which to impose liability under the ADA. *Burger v. Bloomberg*, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for RA or ADA claims); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA or RA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Plaintiff alleges his diabetic diet was prescribed by a medical doctor and is therefore considered medical treatment.  Plaintiff has not alleged any facts to support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity.

Accordingly, the Court will recommend Plaintiff's ADA claim be dismissed.

3.     Named Defendants

Plaintiff names Warden Law and Correctional Corporation of America, parent company of Canteen Correctional Services at Crossroads Correctional Center as Defendants but fails to allege any facts linking these individuals to the alleged violation of his constitutional rights.  Conclusory allegations that a defendant or group of defendants have violated his constitutional rights are not

acceptable.

Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  *Johnson*, 588 F.2d at 743-44.

With regard to Warden Law, Section 1983 will not impose liability on a supervising officer under a respondeat superior theory of liability.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  That is, Warden Law cannot be liable just because he oversees Crossroads.  Instead, a supervising officer can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).  In order to be liable, a

supervising officer has to "set in motion a series of acts by others  . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotations omitted).  Plaintiff has failed to reach this level of pleading.

Similarly, Corrections Corporation of America cannot be held liable under § 1983 simply because one of its employees may have violated Plaintiff's constitutional rights.  *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (holding that a private store acting under color of state law cannot be held liable under 42 U.S.C. § 1983 on a respondeat superior theory); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003); *Smedley v. Corrections Corp. of America*, 175 Fed.Appx. 943 (10th Cir. 2005); *Powell v. Shopco Laurel Co.*, 678 F.2d 504 (4th Cir. 1982); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406 (2nd Cir. 1990); *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Rodriguez v. Smithfield Packing Co., Inc.*, 338 F.3d 348 (4th Cir. 2003).[3]  Plaintiff has failed to allege that CCA caused a constitutional violation by instituting an official custom, policy or practice that was the moving force behind the alleged constitutional

---

[3]This issue does not appear to have been decided in the Ninth Circuit.

violations.  *See Monell, 436 U.S. at 694*.  Accordingly, Plaintiff's allegations fail to

state a claim against CCA.

Plaintiff has failed to state a claim upon which relief may be granted against

Defendants Law and CCA.  Some of the defects discussed above could possibly be

cured by amendment.  Therefore, Plaintiff will be allowed to file a supplement to

his complaint regarding his allegations against these two defendants.

## III.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has filed a motion for a preliminary injunction against Defendants.

The Prison Litigation Reform Act ("PLRA") states that,

> In any civil action with respect to prison conditions, to the extent
> otherwise authorized by law, the court may enter a temporary
> restraining order or an order for preliminary injunctive relief.
> Preliminary injunctive relief must be narrowly drawn, extend no
> further than necessary to correct the harm the court finds requires
> preliminary relief, and be the least intrusive means necessary to
> correct that harm. The court shall give substantial weight to any
> adverse impact on public safety or the operation of a criminal justice
> system caused by the preliminary relief  . . .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the

Ninth Circuit are:  "(1) a strong likelihood of success on the merits; (2) the

possibility of irreparable injury to the plaintiff if the preliminary relief is not

granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of

the public interest (in certain cases)."  *Johnson v. California State Bd. of*

*Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003).  Alternatively, the moving party may demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions going to the merits were raised and the balance of hardships tips sharply in his or her favor.  *Johnson*, 72 F.3d at 1430 (emphasis added); *see also Earth Island Institute v. U.S. Forest Service*, 351 F.3d 1291, 1298 (9th Cir. 2003).  These alternatives represent "extremes of a single continuum" rather than two separate tests and thus, the "greater the relative hardship to (the party seeking the preliminary injunction), the less probability of success must be shown."  *Clear Channel*, 340 F.3d at 813.

Generally, preliminary injunctive relief is designed to preserve the status quo until the court has an opportunity to hear the lawsuit on its merits.  *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).  If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Plaintiff has provided no evidence or testimony demonstrating a likelihood of success on the merits.  While his Complaint may state a claim for relief, there has been no evidence presented on the actual merits of Plaintiff's allegations.  That being said, Plaintiff has alleged the possibility of irreparable injury in that his

diabetes may continue to be out of control if he is not provided a proper diet.  The

balance of the hardships also favors the Plaintiff, as, at least based upon Plaintiff's

allegations, the food service managers are already supposed to be providing proper

diabetic meals to Plaintiff.  Moreover, it is in the public interest for prisons to

provide appropriate meals to prisoners.

      However, Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral
> notice to the adverse party or that party's attorney only if (1) it clearly
> appears from specific facts shown by affidavit or by the verified
> complaint that immediate and irreparable injury, loss, or damage will
> result to the applicant before the adverse party or that party's attorney
> can be heard in opposition, and (2) the applicant's attorney certifies to
> the court in writing the efforts, is any, which have been made to give
> the notice and the reasons supporting the claim that notice should not
> be required.

Fed.R.Civ.P. 65(b).

      In addition, Rule 65 of the Federal Rules of Civil Procedure also provides

that a court "may issue a preliminary injunction only on notice to the adverse

party."  Fed.R.Civ.P. 65(a).  Plaintiff's Motion for Preliminary Injunction does not

comply with Rule 65's important procedural notice requirement.  Here, Plaintiff

has not demonstrated that his Complaint, or his Motion has been served on any

named Defendant and there has been no appearance of counsel on any Defendant's

behalf.  Moreover, Plaintiff has not submitted a sworn affidavit or declaration

certifying that any efforts have been made to give notice of his Motion or the Complaint to any named Defendant.

As noted above, under Federal Rule of Civil Procedure 65(b), a temporary restraining order may only be granted without notice to the adverse party or that party's attorney only if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed.R.Civ.P. 65(b). Plaintiff has not made a sufficient showing in this regard. Accordingly, the Court will not grant an injunction without prior notice to the Defendants.

Nevertheless, given the seriousness of Plaintiff's allegations, the Court will require Defendants to file a response to Plaintiff's motion for preliminary injunction with their Answer. Plaintiff is welcome to file any additional evidence in support of his motion which may assist the Court in its determination on the preliminary injunction.

Based on the foregoing, the Court issues the following:

## ORDER

1. On or before **November 20, 2009**, Plaintiff may file a supplement to his Complaint regarding the liability of Defendants Law and CCA. If Plaintiff declines

to file a supplement and wishes to proceed only against Defendants Bowen and Heinrich, he must file a notice with the Court indicating as such.

2.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Bowen and Heinrich to waive service of summons of Plaintiff's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B).[4]  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

_____

[4]Defendants are required to file an Answer to Plaintiff's Eighth Amendment claims, but not to Plaintiff's allegations recommended for dismissal herein.

3.  At the time of filing their Answer or other responsive pleading,

Defendants shall also file a response to Plaintiff's Motion for Preliminary

Injunction.  (Document 9).

4.  The Clerk of Court shall forward the documents listed below to:

Chad E. Adams, Sara S. Berg, and J. Daniel Hoven
Browning Kaleczyc Berry & Hoven
P.O. Box 1697
Helena, MT  59624-1697

  *  a copy of the Court's Docket;

  *  Plaintiff's Complaint (Document 2)

  *  Plaintiff's Motion for Preliminary Injunction and Brief in Support
   (Documents  9 and 10);

  *  this Order;

  *  a Notice of Lawsuit & Request to Waive Service of Summons; and

  *  a Waiver of Service of Summons

Should counsel determine they do not represent Defendants in this matter,

they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendant must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  *See* D. Mont. L.R.

12.2.

5.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give

the Court information, such information must be presented in the form of a notice.

The Court will not consider requests made or information presented in letter form.

6.  Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's

consideration must be simultaneously served by first-class mail upon the opposing

party or their counsel if the party is represented.  Each party shall sign and attach a

proper certificate of service to each document filed with the Court.  The Certificate

of Service must state the date on which the document was deposited in the mail and

the name and address of the person to whom the document was sent.  The sender

must sign the certificate of service.

7.  Plaintiff shall not make any motion for default until at least seventy (70)

days after the date of this Order.

8.  At all times during the pendency of this action, Plaintiff SHALL

IMMEDIATELY ADVISE the Court and opposing counsel of any change of

address and its effective date.  Such notice shall be captioned "NOTICE OF

CHANGE OF ADDRESS."  The notice shall contain only information pertaining to

the change of address and its effective date, except that if Plaintiff has been released

from custody, the notice should so indicate.  The notice shall not include any

motions for any other relief.  Failure to file a NOTICE OF CHANGE OF

ADDRESS may result in the dismissal of the action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).

Further the Court issues the following:

## RECOMMENDATION

Plaintiff's equal protection and Americans with Disabilities Act claims

should be dismissed for failure to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written

objections to this Findings and Recommendations within ten (10) business days of

the date entered as indicated on the Notice of Electronic Filing.  Such a document

should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made.  The district judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district judge and may waive the right to appeal the District Court's order.  *Martinez*

*v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

       DATED this 21st day of October, 2009.


                      */s/ Keith Strong*
                      Keith Strong
                      United States Magistrate Judge

**NOTICE OF LAWSUIT AND REQUEST FOR**
**WAIVER OF SERVICE OF SUMMONS**

TO:   Chad E. Adams, Sara S. Berg, and J. Daniel Hoven
       Browning Kaleczyc Berry & Hoven
       P.O. Box 1697
       Helena, MT 59624-1697

A lawsuit has been commenced by an incarcerated pro se plaintiff against the following individuals:  Carol Bowen and Piper Heinrich.  A copy of Plaintiff's Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-09-00019-GF-SEH-RKS.  The Court has completed its pre-screening and concludes that Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  Copelton v. Correctional Corporation of America, Civil Action No. CV-09-00019-GF-SEH-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of Plaintiff's Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed. R. Civ. P. 4:

_____; _____;

_____; _____;

_____; _____;

      The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed. R. Civ. P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


      I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;


_____     _____
DATE                                                   SIGNATURE

                                      _____
                                      PRINTED/TYPED NAME

                                      _____

                                      _____
                                      ADDRESS