IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| JOHN O. COPELTON,<br><br>Plaintiff,<br><br>vs.<br><br>CORRECTIONAL CORPORATION OF AMERICA, et al.,<br><br>Defendants. | Cause No.  CV 09-00019-GF-SEH-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John O. Copelton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging Defendants violated his Eighth and Fourteenth Amendment rights by substituting high sugar food items for diabetic food items dictated by the menu written by the company dietitian.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The are a number of motions pending:  Defendants Law and

Correctional Corporation of America ("CCA")'s Motion to Dismiss Plaintiff's Claims for Injunctive and/or Declaratory Relief (Court Doc. 24); Defendants Law and CCA's Motion to Dismiss for Failure to Exhaust Administrative Remedies (Court Doc. 28); Mr. Copelton's Motion to Supplement Reply to Motion to Dismiss (Court Doc. 39); and Mr. Copelton's Motion for Default Judgment against Defendants Canteen Correctional Services, Crossroads Correctional Center, Carol Bowen, and Piper Heinrich. (Court Doc. 40).

Defendants Law and CCA have withdrawn their Motion to Dismiss for Failure to Exhaust Administrative Remedies (See Court Doc. 45). The Clerk of Court will be directed to terminate this motion. As Mr. Copelton's Motion to Supplement Reply (Court Doc. 39) pertains only to the Motion to Dismiss for Failure to Exhaust it is now moot.

For the reasons set forth in the Court's Findings and Recommendations on Mr. Copelton's Motion for Preliminary Injunction (Court Doc. 20), the Court will recommend that Defendants Law and CCA's Motion to Dismiss Claims for Injunctive Relief be granted.

Mr. Copelton's Motion for Default should also be denied since

Defendants Canteen Correctional Services, Crossroads Correctional Center, Carol Bowen, and Piper Heinrich have not been served.

I.  MOTION TO DISMISS INJUNCTIVE CLAIMS

As was determined in the Court's December 15, 2009 Findings and Recommendations (Court Doc. 20)(adopted in full on January 12, 2010, Court Doc. 26), Mr. Copelton's claims for injunctive and declaratory relief are moot.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Mr. Copelton is no longer incarcerated at Crossroads Correctional Center, therefore, all claims for injunctive and declaratory relief against Crossroads are moot and should be dismissed.

Defendants also ask that Mr. Copelton's request for "criminal" relief be denied.  Mr. Copelton is not seeking criminal penalties.  (Court Doc. 38–Copelton's Response, p. 2).  Accordingly, Defendants' Motion should be granted.

## II.  MOTION FOR DEFAULT JUDGMENT

Mr. Copelton's Motion for Default Judgment moves pursuant to Rule 55 of the Federal Rules of Civil Procedure for default judgment against Canteen Correctional Services, Crossroads Correctional Center, Carol Bowen, and Piper Heinrich.

Rule 55 of the Federal Rules of Civil Procedure provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).  Mr. Copelton's Motion for Default should be denied. He has not shown proof of service, which is required before a Defendant must "plead or otherwise defend."  Without service of process, there can be no default.  <u>Scott v. Dist. of Columbia</u>, 598 F.Supp.2d 30, 36 (Dist. D.C. 2009).

In the parties section of the Complaint, Mr. Copelton listed only four defendants:  Carol Bowen, Piper Heinrich, Warden Law, and Correctional Corporation of America.  (Court Doc. 2, p. 3, ¶ III(B)).  He did not specifically list Canteen Correctional Services or Crossroads

Correctional Center. Those entities have not been considered parties to this action, they have not been served, and the Motion for Default against those entities should be denied.

On October 21, 2009, the Clerk of Court was directed to serve Defendants Bowen and Heinrich pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Court Doc. 11). On November 12, 2009, the Clerk of Court was directed to serve Defendants Law and CCA. (Court Doc. 14). On December 11, 2009, counsel waived service of summons on behalf of Defendants Law and CCA. (Court Doc. 18). There has been no waiver of service on behalf of Defendants Bowen and Heinrich. Therefore, these Defendants have not been properly served and Mr. Copelton's Motion for Default Judgment should be denied.

Mr. Copelton is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 in this matter. Accordingly, the Court has the responsibility of having the Complaint properly served upon Defendants. See Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). In order to do so, the Court needs a current address for Defendants Bowen and Heinrich. If he still wishes to proceed against these

Defendants, Mr. Copelton must provide this information so the Court can complete service.

Based on the foregoing, the Court issues the following:

## ORDER

1. On or before May 31, 2010, Mr. Copelton must provide to the Court a current address for Defendants Bowen and Heinrich.

2. Defendants Law and CCA having withdrawn their Motion to Dismiss for Failure to Exhaust Administrative Remedies (Court Doc. 28), the Clerk of Court is directed to terminate this motion.

3. Mr. Copelton's Motion to Supplement Reply (Court Doc. 39) is DENIED AS MOOT.

4. At all times during the pendency of this action, Mr. Copelton SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Copelton has been released from custody, the notice should so indicate.  The notice shall not include any motions

for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants Law and Correctional Corporation of America's Motion to Dismiss Plaintiff's Claims for Injunctive and/or Declaratory Relief (Court Doc. 24) should be GRANTED and all claims for injunctive and declaratory relief and all requests for criminal punishment should be DISMISSED.

2.  Mr. Copelton's Motion for Default Judgment (Court Doc. 40) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Copelton may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 21st day of April, 2010.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge